**KIM LEWIS**                      *     IN THE UNITED STATES
5420 Lynx Lane, Apt. 548
Columbia, Maryland 21044           *     DISTRICT COURT FOR

Plaintiff,                         *     THE DISTRICT OF MARYLAND

v.                                 *
                                         CASE NO. _____
**UNITED STATES OF AMERICA,**      *
**UNITED STATES DEPARTMENT OF**
**AGRICULTURE**                    *     JURY TRIAL DEMANDED
Office of General Counsel
Whitten Building, Room 107W        *
1400 Independence Avenue, SW
Washington, D.C. 20250             *

Defendants.                        *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Kim Lewis (hereinafter "Plaintiff"), by and through her attorneys, Lauren M. Bell and Gilman & Bedigian, LLC sues the United States of America, Department of Agriculture (hereinafter "Defendant") and states as follows:

1.      That Plaintiff is a resident of Howard County, Maryland.

2.      That Defendant USDA is a department/agency of the government of the United States of America.

3.      This action is based upon the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  The Plaintiff resides in the above judicial district, and the act and omissions herein complained of occurred in said judicial district.

4.      That on or about November 30, 2016, at approximately 6:20 a.m., Plaintiff was lawfully and carefully operating her vehicle on Interstate 695 at or near Exit 19 which is in Baltimore County, Maryland.

5.      That at approximately the same time and place a vehicle owned by the Defendant and operated with permission by the Defendant's agent/servant/employee, Kinard Lee Squire, Jr., was also traveling on Interstate 695.  Suddenly and without warning, Mr. Squire forcefully rear-ended the vehicle owned and operated by the Plaintiff.

## COUNT I
(Negligence)

6.      Plaintiff adopt by reference the allegations contained in paragraphs 1 through 5 and all other counts of this Complaint with the same effect as if herein fully set forth.

7.      That Kinard Lee Squire, Jr. was operating the Defendant's vehicle, as an agent/servant/employee of the Defendant in a negligent and careless manner by failing to exercise care and caution for the safety of others on a public highway; failing to maintain a proper lookout; failing to exercise care and caution to avoid a collision, failing to maintain proper control over her vehicle, violating the Maryland Transportation Code and was otherwise negligent in causing this collision.

8.      That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the head, back, neck, shoulders, arms, legs, feet, spine, body, and limbs, to undergo hospital treatment and medical care; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

9.      That as a proximate result of the Defendant's negligence, the Plaintiff will in the future undergo medical care and treatment; to incur medical expenses; and to lose time from her employment and from her other daily pursuits.

10.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused

to suffer substantial property damage to her vehicle, vehicle rental, automobile storage fees, automobile towing costs and other damage to personal property, direct and consequential.

11.     The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, Kim Lewis, demands judgment against Defendant for the amount of Twenty Nine Thousand Nine Hundred Ninety Nine Dollars and Ninety Nine Center ($29,999.99) in compensatory damages, plus interest and costs.

## COUNT II
### (Negligent Entrustment)

12.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 11 and all other counts of this Complaint with the same effect as if herein fully set forth.

13.     Defendant owned and supplied the vehicle to Kinard Lee Squire, Jr.

14.     Defendant knew, or should have known, that Kinard Lee Squire, Jr. had a propensity to operate vehicles in a negligent and unsafe manner, which likely cause physical would damage to others.

15.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to be seriously, painfully, and permanently injured about the head, back, neck, shoulders, arms, legs, feet, spine, body, and limbs, to undergo hospital treatment and medical care; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

16.     That as a proximate result of the Defendant's negligence, the Plaintiff will in the future undergo medical care and treatment; to incur medical expenses; and to lose time from her

employment and from her other daily pursuits.

17.     That as a proximate result of the negligence of the Defendant, Plaintiff was caused to suffer substantial property damage to her vehicle, vehicle rental, automobile storage fees, automobile towing costs and other damage to personal property, direct and consequential.

12.     The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendant, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, Kim Lewis, demands judgment against Defendant for the amount of Twenty Nine Thousand Nine Hundred Ninety Nine Dollars and Ninety Nine Center ($29,999.99) in compensatory damages, plus interest and costs.

## COUNT III
### (Respondent Superior)

13.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 12, and all other counts of this Complaint with the same effect as if herein fully set forth.

14.     At all times relevant hereto Kinard Lee Squire, Jr. was acting in the scope of his employment for Defendant.

15.     As a result Defendant is responsible for the negligent acts of Kinard Lee Squire, Jr.

WHEREFORE, this suit is brought and the Plaintiff, Kim Lewis, demands judgment against Defendant for the amount of Twenty Nine Thousand Nine Hundred Ninety Nine Dollars and Ninety Nine Center ($29,999.99) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

Lauren M. Bell (19540)
GILMAN & BEDIGIAN, LLC
1954 Greenspring Drive, Suite 250
Timonium, MD 21093
(410) 560-4999 (phone)
(410) 308-3116 (fax)
lbell@gblegalteam.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

Lauren M. Bell