IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIM LEWIS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. BPG-18-1610 |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | * | |
| | * | |
| Defendant. | | |
| | * | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO SUBMIT MEDICAL BILLS AND RECORDS INTO
EVIDENCE PURSUANT TO MD. CODE, COURTS AND JUDICIAL PROCEEDINGS,
§ 10-104, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND AD
DAMNUM CLAUSE OF COMPLAINT**

Defendant, United States Department of Agriculture, by undersigned counsel, opposes Plaintiff's Motion to Submit Medical Bills and Records into Evidence Pursuant to Md. Code, Courts and Judicial Proceedings, § 10-104, or in the Alternative, Motion for Leave to Amend Ad Damnum Clause of Complaint (the "Motion"), and states as follows:

**INTRODUCTION**

On the morning of November 30, 2016, at approximately 6:20 a.m., Plaintiff and Kinard L. Squire, Jr., were in involved in a motor vehicle accident on the Baltimore beltway. Mr. Squire was directly behind Plaintiff, and the traffic was moving at a stop-and-go pace. The accident occurred when Mr. Squire, mistakenly believing that traffic was beginning to move after coming to a complete stop, took his foot off the brake and drifted into Plaintiff's bumper. At the time of impact, Mr. Squire estimates that he was traveling at a rate of approximately two to three miles per hour.

On June 4, 2018, Plaintiff filed the instant action under the Federal Tort Claims Act

("FTCA") against the United States Department of Agriculture for damages she allegedly sustained as the result of the accident.[1] See ECF No. 1. On September 28, 2018, Defendant answered Plaintiff's Complaint, ECF No. 7, and, on October 1, 2018, the Court issued a Scheduling Order, ECF No. 8. Pursuant to the Scheduling Order, the deadline to amend the pleadings was November 15, 2018. ECF No. 8. The Scheduling Order later was amended twice, see ECF Nos. 23 and 26, but neither amendment extended the established deadline to amend the pleadings. Discovery closed on June 6, 2019, see ECF No. 26, and trial is scheduled to begin on October 1, 2019, see ECF No. 29.

On August 27, 2019, Plaintiff filed the subject Motion, asking the Court to permit her to proceed pursuant to section 10-104 of the Courts and Judicial Proceedings article of the Annotated Code of Maryland ("CJP § 10-104"). ECF No. 31. Alternatively, she asks the Court for leave to amend her complaint to increase the amount she seeks in the ad damnum clause. The Motion to proceed pursuant to CJP § 10-104 should be denied because federal – not state – procedural law governs the admissibility and sufficiency of evidence in federal district court. The Motion to amend Plaintiff's Complaint should be denied because the deadline to amend the pleadings has long since passed. Additionally, the requested amendment to the ad damnum clause is not necessary because the Court is not limited by the amount sought in the Complaint in fashioning its award of damages, if any.

---

[1] Mr. Squire is an employee of the United States Department of Agriculture and was acting within the scope of employment at the time of the accident. As such, he is immune from suit, and the proper defendant to this tort action is the United States.

# ARGUMENT

I. **CJP § 10-104 does not, cannot, and should not apply to an auto tort case pending in the United States District Court.**

   A. **The admissibility and sufficiency of evidence in a federal trial is procedural and, as such, is governed by federal – not state – law.**

Under the FTCA, the United States may be held liable for money damages in a personal injury action only if the "plaintiff's injury was 'caused by the negligent or wrongful act' of an employee of the federal government while acting within the scope of his employment." Young v. United States, 667 F. Supp. 2d 554, 560 (D. Md. 2009) (quoting 28 U.S.C. § 1346(b)(1)). "Because the FTCA imposes tort liability on the United States 'in the same manner and to the same extent as a private individual under like circumstances,' 28 U.S.C. § 2674, the substantive law of each state establishes the cause of action." Anderson v. United States, Civ. No. CCB-8-3, 2008 WL 3307137, at *2 (D. Md. Aug. 8, 2008); see also Trapnell v. United States, 926 F. Supp. 534, 535 (D. Md. 1996) ("It is, of course, well-settled that the substantive law of the forum state (here Maryland) governs the Court's disposition of an FTCA case, while federal procedural law is to be applied.").

Defendant does not dispute that the substantive law of Maryland applies in this matter. In proving a negligence claim under Maryland law, a plaintiff must show that she suffered an actual injury and that the defendant's breach of the duty of care that he owed to the plaintiff was the proximate cause of that injury. Young, 667 F. Supp. 2d at 561 (citing Stickley v. Chisholm, 136 Md. App. 305, 314 (2001)). Federal – not Maryland – law, however, determines whether evidence is admissible and sufficient to support a finding of negligence.

To sustain her negligence claim against Defendant, in addition to showing duty and breach, Plaintiff must also prove injury and causation. See Young, 667 F. Supp. 2d at 561 (citing Stickley

v. Chisholm, 136 Md. App. 305, 314 (2001)). In her attempt to prove injury and causation, Plaintiff wants to "offer her expert opinions, medical bills, and medical records into evidence without the support of expert testimony, as she would be permitted to in Maryland State court." See Plaintiff's Memo at 6, ECF No. 31-8.[2] Specifically, Plaintiff wants to rely on a Maryland statutory evidentiary shortcut that may apply in state district court and circuit court where the plaintiff seeks less than $30,000. Id. at 7. Per that statute, found in the Courts and Judicial Proceedings article of the Annotated Code of Maryland, in certain small value claims under certain circumstances,

> A writing or record of a health care provider made to document a medical, dental, or other health condition, a health care provider's opinion, or the providing of health care is admissible without the support of the testimony of a health care provider as the maker or the custodian of the writing or record as evidence of the existence of the medical, dental, or health condition, the opinion, and the necessity and the providing of the health care.

CJP § 10-104(d)(1).

As stated in the Joint Pretrial Order, Defendant agrees that Plaintiff's medical records and medical bills may be offered in to evidence without the usual authentication and are admissible. Defendant further agrees that the amounts charged for the medical care provided to Ms. Lewis as reflected in the medical bills is fair and reasonable. Defendant, however, does not agree that the report prepared by Plaintiff's Rule 26(a)(2) expert is admissible or sufficient to establish that the subject accident caused Ms. Lewis's alleged injuries and that the medical care described in the medical records was necessary.

### 1. Dr. Gaber's report is not admissible.

It is black letter law that the Federal Rules of Evidence apply to proceedings, like this one,

---

[2] Plaintiff's Memo appears to start on "Page 5," and all citations to Plaintiff's Memo will be as they appear in the document. See ECF No. 31-8.

4

the United States District Courts. See Fed. R. Evid. 101(a) ("These rules apply to proceedings in United States courts."); id. 1101(b) ("These rules apply in: civil cases and proceedings . . . ."). See Trapnell, 926 F. Supp. at 535 ("It is, of course, well-settled that the substantive law of the forum state (here Maryland) governs the Court's disposition of an FTCA case, while federal procedural law is to be applied."); Anderson, 2008 WL 3307137 at * 2 ("If the Maryland statute is deemed procedural in nature, it will be preempted by federal procedural law."). Plaintiff points to no authority to the contrary, and no case in which a federal court applied anything other than the Federal Rules of Evidence. In fact, Plaintiff even acknowledges that the state evidentiary statute she seeks to enforce in federal court is procedural. See Plaintiff's Memo at 7-8. ("Without the benefit of this procedural and evidentiary short cut, Plaintiff will need to pay significant costs for expert testimony . . . .") (emphasis added). Plaintiff's attempt to enforce a procedural shortcut provided for by state statute in federal court for the stated reason to save money should be denied.

Under the Federal Rules of Evidence, Dr. Gaber's report is inadmissible hearsay. Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay, like Dr. Gaber's report, is "not admissible unless" otherwise provided by "federal statute," the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court." Id. 802 (emphasis added). Again, Plaintiff points to no federal statute or rule that would except Dr. Gaber's report from the definition of hearsay or the rule against the admissibility of hearsay. Plaintiff further points to no other legal authority that would otherwise permit Plaintiff to use Dr. Gaber's report as evidence at the trial of this federal matter. Thus, Plaintiff's request to admit, much less rely solely on, Dr. Gaber's report should be denied.

## 2. Dr. Gaber's report is not sufficient to establish injury or causation.

Similar to admissibility of evidence, federal district courts rely on federal law to determine the sufficiency of evidence to establish a state law claim. See Young, 667 F. Supp. 2d at 561 ("[F]ederal rules apply to the determination of sufficiency of the evidence.") (citing Jones v. Meat Packers Equip. Co., 723 F.2d 370, 372 (4th Cir.1983)); Fitzgerald v. Manning, 679 F.2d 341, 346 (4th Cir.1982) (holding that whether there is sufficient evidence to create a jury issue on a state cause of action is controlled by federal rules); Shumaker v. United States, 714 F. Supp. 154, 158 (M.D.N.C. 1988) (recognizing that, in claims brought under the FTCA, "federal rules govern procedural questions, including . . . the quantum of proof necessary to create a jury question").[3] To be sure, the "Fourth Circuit applies the federal Fitzgerald sufficiency of evidence standard while simultaneously relying on state court decisions for the underlying substantive law." Young, 667 F. Supp. 2d at 561 (citing Jeffress v. Reddy, 77 Fed. Appx. 627 (4th Cir. 2003)); Thomas v. Washington Indus. Med. Ctr., Inc., No. 98-1652, 1999 WL 507150 (4th Cir. July 19, 1999).

By asking the Court to allow her to proceed under her reading of CJP § 10-104, and present evidence of her injury and causation through her medical records and Dr. Gaber's report alone, Plaintiff seeks to circumvent the federal sufficiency of the evidence standard.

> Under the applicable federal sufficiency standard, the Court may find adequate evidence to create a triable issue of fact with respect to causation only if expert opinion evidence establishes to a reasonable degree of medical certainty that defendant's negligence was more likely the cause of plaintiff's injuries than any other cause.

Young, 667 F. Supp. 2d at 562 (citing Fitzgerald, 679 F.2d at 350); see also Crinkley, 844 F.2d at

---

[3] In Young, the Court noted that although FTCA matters are not tried by jury, 28 U.S.C. § 2402, "the standard for determining 'the sufficiency of the evidence for submission of an issue to the jury' is simply another way of phrasing the standard for creating a genuine issue of fact." Young, 667 F. Supp.2d at 561 n. 10. (citing Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 164 (4th Cir. 1988)).

165 n.2 ("[E]xpert opinion is of course the prime—indeed usually the only—way to prove medical causation."); Owens v. Bourns, Inc., 766 F.2d 145, 150 (4th Cir. 1985) (holding that plaintiff's evidence of causation was insufficient under Fitzgerald to create a triable issue of fact in a state law products liability action). Because the federal rules require expert testimony to determine the sufficiency of the evidence, Plaintiff's motion to dispense with this requirement in favor of the rules permitted in some instances in relatively small value claim in Maryland state court should be denied.

    **B. Defendant's actions did not necessitate the instant Motion.**

  While irrelevant to the merits of Plaintiff's Motion, Defendant feels obligated to address certain statements in Plaintiff's Memo in order to clear up any possible misconception Plaintiff's argument may have given the Court. In Plaintiff's Memo, she states, "Based on representations to the Court, Defendant stated it would engage in settlement discussions without the assistance of a court-scheduled settlement conference. However, Defendant has yet to do so, necessitating this motion at this time." Plaintiff's Memo at 6, ECF No. 31-8. In support of these statements, Plaintiff cites to a June 19, 2019, email from Defendant's counsel to Chambers, ECF No. 31-5, and an August 7-9, 2019, email exchange between Defendant's counsel and Plaintiff's counsel, ECF No. 31-6. See id. at 6. These exhibits do not support her claims.

  Defendant's June 19, 2019, email to Chambers states, "we do not believe that referring this matter to another judge for the purposes of a settlement conference would help with its resolution. Given the facts and circumstances of the case, and the extent of the negotiations thus far, we feel that <u>if</u> the matter is to be resolved before trial it is something that can be worked out separately between the parties." June 19, 2019, email, ECF No. 31-5 (emphasis added). At no point in this email did the Defendant make a "representation[ ] to the Court, [that] it would engage in settlement

discussions." See Plaintiff's Memo at 6, ECF No. 31-8. Rather, the plain language of Defendant's counsel's email, ECF No. 31-5, makes clear that, if the matter is to be resolved before trial, it is something that can be done without the assistance of a settlement conference.

Defendant's position was based on what it viewed to be the Plaintiff's lack of interest in reaching a settlement prior to trial. In previous discussions, Plaintiff's counsel had indicated that her offer to settle the case was the exact amount she had demanded in her Complaint – $29,999.99.[4] Defendant did not view a settlement demand for payment of the full amount sought in the Complaint as a meaningful attempt to compromise Plaintiff's claims. When Plaintiff inquired on August 7, 2019, as to whether Defendant had a settlement offer, Defendant asked whether Plaintiff's settlement demand had changed. See unredacted August 7-9, 2019, email exchange, attached as Exhibit 1 ("Refresh my memory – your settlement offer was just what you demanded in the complaint, correct?"). It had not. Id. Because Plaintiff had not moved off the amount she had demanded in her Complaint, Defendant concluded that the parties would be unlikely to reach a compromise and, therefore, put forward no settlement offer.

**II.     Plaintiff's request to amend the ad damnum clause is untimely and unnecessary.**

This Court issued a Scheduling Order that set the deadline for amending the pleadings at November 15, 2018. See Scheduling Order, ECF No. 8. Subsequently, the Scheduling Order was modified twice, see ECF Nos. 24 and 26, to extend the discovery deadline, but the deadline to amend the pleadings was unchanged. Plaintiff filed her motion to amend the Complaint on August

---

[4] Defendant recognizes that "[p]ublic policy . . . favors private settlement of disputes," Rogler v. Fotos, Civ. No. WDQ-14-228, 2015 WL 7253688, at *8 (D. Md. Nov. 10, 2015) (quoting Crandell v. United States, 703 F.2d 74, 75 (4th Cir. 1983)), and laments placing these private settlement discussions in the public record. However, because Plaintiff has already exposed these private settlement discussions, see ECF No. 31-6, and may have implied that Defendant made misrepresentations to the Court regarding Defendant's willingness and intent to engage in settlement discussions, Defendant feel it is warranted in this limited circumstance.

8

27, 2019 – more than eight months after the deadline to do so. See Motion, ECF No. 31. Because the deadline to amend has passed, good cause must be shown to amend the pleadings. See Hemphill v. ARAMARK Corp., Civ. No. ELH-12-1584, 2014 WL 1248296, at *24 (D. Md. Mar. 25, 2014) (citing Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298-99 (4th Cir. 2008)) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

Here, the underlying facts in the case remain unchanged, and Plaintiff has known for a considerable amount of time that Defendant would not stipulate to proceeding in this federal case pursuant to state statute CJP § 10-104. See Plaintiff's Memo at 6. ("Plaintiff has on several occasions requested a stipulation from Defendant to proceed on such a basis pursuant to Md. Code, Cts. & Jud. Pro. § 10-104, to which Defendant has routinely declined."). As such, given that Plaintiff missed the deadline to file her motion, and delayed filing until well after she knew Defendant's position, good cause cannot be shown to amend her pleading. See Howard v. Inova Health Care Servs., 302 Fed. Appx. 166, 181 (4th Cir. 2008) (quoting Deasy v. Hill, 833 F.2d 38, 41 (4th Cir.1987)) ("'[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.'"); Hemphill, 2014 WL 1248296, at *26. (denying leave to amend where "[t]he belated proposed amendment seems to be the result of a 'lack of diligence and carelessness' on the part of plaintiff").

In any event, Plaintiff's motion to amend her Complaint is also unnecessary because this Court is not bound by the amount stated in the ad damnum clause. See Douglas v. McCarty, No. 03-6776, 2003 WL 22718010 (4th Cir. Oct. 3, 2003) (finding that the issue is "governed by federal, not state, procedural rules . . . ," and that "the district court did not err by awarding damages in an amount in excess of that specified in McCarty's ad damnun clause."); see also Dotson v. Ford

9

Motor Co., 218 F. Supp. 2d 815, 816 (W.D. Va. 2002) (quoting Smith v. Brady, 390 F.2d 176, 177 (4th Cir.1968)) ("The defendant misapprehends the role of the ad damnum in a federal case. It serves no practical purpose in a contested case, since '[t]he propriety of the verdict is tested by the evidence, not the ad damnum clause.'"); Smith, 390 F.2d at 177 ("The amount of the plaintiff's claim bears no relation to the verdict.").

## CONCLUSION

Based on the foregoing, the Defendant respectfully request that the Court deny Plaintiff's Motion to Submit Medical Bills and Records into Evidence Pursuant to Md. Code, Courts and Judicial Proceedings, § 10-104, or in the Alternative, Motion for Leave to Amend Ad Damnum Clause of Complaint.

Respectfully submitted,

ROBERT K. HUR
United States Attorney


          /s/
VINCENT J. VACCARELLA (Bar No. 809127)
Assistant United States Attorney
vincent.vaccarella@usdoj.gov


          /s/
KELLY M. MARZULLO (Bar No. 28036)
Assistant United States Attorney
kelly.marzullo@usdoj.gov

36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
(410) 962-2310 (fax)