IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIM LEWIS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. BPG-18-1610 |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | * | |
| | * | |
| Defendant. | | |
| | * | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
TO PRECLUDE JEFFREY GABER, M.D., FROM TESTIFYING AT TRIAL**

Defendant United States Department of Agriculture ("Defendant" or "USDA"), by undersigned counsel, hereby submits the Memorandum of Law in support of its Motion *in Limine* to preclude Jeffrey Gaber, M.D., whom Plaintiff identified as a non-treating expert in her Rule 26(a)(2) disclosures, from testifying at the trial of this matter, and states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

On November 30, 2016, at approximately 6:20 a.m., Plaintiff and Kinard L. Squire, Jr., were involved in an automobile accident on the Baltimore beltway. Mr. Squire was directly behind Plaintiff, and traffic was moving at a stop-and-go pace. The accident occurred when Mr. Squire, who immediately prior had been at a complete stop, took his foot off the brake and drifted into Plaintiff's bumper. Mr. Squire estimates that he was traveling at a rate of approximately two to three miles per hour at the time of contact.

On June 4, 2018, Plaintiff filed the instant action under the Federal Tort Claims Act against the United States Department of Agriculture.[1] (*See* ECF No. 1.) She alleges that Mr. Squire negligently caused the subject accident and that, as a result thereof, she sustained personal injury and property damage. (Compl. ¶¶ 7-11, ECF No. 1.)

In support of her claims for personal injury, Plaintiff designated Jeffrey D. Gaber, M.D., as her expert witness. The entirety of Plaintiff's Rule 26(a)(2) disclosures are attached as Exhibit 1 (Report), Exhibit 2 (Curriculum Vitae), Exhibit 3 (Patient List), and Exhibit 4 (Deposition/Court Policy).

Defendant did not take Dr. Gaber's discovery deposition. Plaintiff has noted Dr. Gaber's *de bene esse* deposition for purposes of use at trial for Thursday, September 19, 2019, at 4:15pm, at his office, located at 341 North Calvert Street, Suite 300, Baltimore, Maryland 21202. A copy of Plaintiff's Notice to Take *De Bene Esse* Deposition of Jeffrey Gaber, M.D., is attached as Exhibit 5. A two-day trial is scheduled to begin on October 1, 2019. (ECF No. 29.)

**ARGUMENT**

**I.     Dr. Gaber's report is deficient under the Federal Rules.**

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires a party to disclose to the other parties "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." For any such witness, the disclosure must be accompanied by a report containing:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

---

[1] Mr. Squire is an employee of the USDA and was acting within the scope of his employment at the time of the accident. As such, he is immune from suit, and the proper defendant to this tort action is the United States.

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Here, Dr. Gaber's report is deficient in several key respects.[2] First, rather than provide "a list of all other cases" in which he has "testified as an expert at trial or by deposition," Dr. Gaber simply provided a list presumably of all of the patients that he treated from May 1, 2015, through April 30, 2019. (*See* Ex. 3.) Second, although he provided information concerning his charges for deposition or trial testimony, Dr. Gaber did not provide information concerning his charges for study of the case. (*See* Ex. 4.)

Most significantly, however, in his approximately half-page letter to Plaintiff's counsel, dated January 14, 2019, Dr. Gaber utterly fails to articulate the "basis and reasons" for his opinions or to identify the "facts or data considered" by him in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

First, Dr. Gaber states that he reviewed unspecified "records" on Plaintiff. The reader is left to wonder: what "records" on Plaintiff did Dr. Gaber review?

---

[2] In addition to the foregoing, Dr. Gaber did not disclose exhibits he would be using to summarize or support his opinion or a list of all publications authored by him in the previous ten years. Defendant gives Dr. Gaber the benefit of the doubt that he does not intend to use any exhibits to summarize or support his opinions and has not authored any publications during the last ten years.

Next, the letter identifies Kim Lewis, "who," Dr. Gaber states, "as you know, was injured in a personal motor vehicular accident on November 30, 2016." This apparent statement of casual fact, however, is a contested question in this case. To be sure, Defendant is not convinced that Plaintiff suffered any actual injuries as a result of Mr. Squire's vehicle drifting into the rear of her vehicle at a rate of speed so slow that the contact between the cars did not even cause any visible damage to either vehicle. Stated another way, it is far from obvious that such a minor incident could or did cause the injures Plaintiff claims to have suffered. And Dr. Gaber's letter does nothing to further Plaintiff's contention.

Then, Dr. Gaber states: "[Plaintiff] was struck from the rear and this caused lower back pain which began two days thereafter." He subsequently goes on to provide nothing more than a very brief summary of Plaintiff's visit history at Patient First and St. Paul and Biddle Medical Associates. Dr. Gaber, however, does not explain how or why the recited visits support his opinion that Plaintiff's purported lower back pain in fact was caused by the November 30, 2016, accident.

Finally, Dr. Gaber states that Plaintiff "still suffers from frequent pain approximately three times a week in the lower back, neck and right shoulder and arm." The basis and reasons for this statement is entirely unclear not only from Dr. Gaber's letter, but also from the medical records Plaintiff produced to Defendant in discovery. The statement also is belied by the fact that Plaintiff's Discharge Visit Report from St. Paul and Biddle Medical Associates, dated January 12, 2017, describes a complete recovery. (Discharge Visit Report, attached as Ex. 6.) To be sure, the Physical Examination section provides as follows:

**PHYSICAL EXAMINATION:**
Cervical spine: Nontender to palpation. Range of motion is full and without pain.
Lumbar spine: Nontender to palpation. Range of motion is full and without pain.

*Id.* What's more, the first mention of shoulder pain in the medical records produced by Plaintiff is in the very last visit to Patient First on January 29, 2017 – two months after the subject accident and more than two weeks after Plaintiff was discharged by St. Paul and Biddle Medical Associates from treatment and therapy related to the accident. Lastly, and in any event, Dr. Gaber does not opine anywhere in his brief letter – baldly or otherwise – that the accident cause Plaintiff to suffer shoulder or arm pain.

In sum, Dr. Gaber's report does not comport with the requirements of Federal Rule 26(a)(2)(B) because it fails to provide a list of cases in which Dr. Gaber has provided deposition or trial testimony in the last four years, fails to state how much Dr. Gaber charges for his study of the case, fails to identify the facts or data Dr. Gaber considered in reaching his opinions, and fails to articulate the basis and reasons for his opinions.

## II. Dr. Gaber should be precluded from providing trial testimony.

Under the Federal Rules, where, as here, "a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition or instead," the Court also "may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C).

In determining whether to apply the "automatic exclusion" provision of Rule 37(c)(1) as described above, the Court should consider four factors in determining "whether there was substantial justification for the failure to disclose or harmlessness to the opposing party:

> (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

*Sullivan v. Glock*, 175 F.R.D. 497, 506-07 (D. Md. 1997) (Grimm, J.) (citing *Trilogy Comm'ns, Inc. v. Times Fiber Comm'ns, Inc.*, 109 F.3d 739, 744 (Fed. Cir. 1997).

Here, the Court should preclude Dr. Gaber from testifying, first and foremost, because the lack of basis or reasons – that is, lack of foundation – for his anticipated testimony renders it unuseful and irrelevant. As such, Dr. Gaber's testimony is not important.[3] As such – baseless, unsupported, and, therefore, irrelevant as it is – Dr. Gaber's anticipated testimony would prejudice Defendant. Pursuant to Federal Rule 37(c)(1), therefore, Dr. Gaber should be precluded from testifying.[4]

**CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the Court grant Defendant's Motion *in Limine* and preclude Jeffrey Gaber, M.D., from testifying at the trial of this matter.

---

[3] That is not to say that expert testimony in general is not important to Plaintiff's case. In fact, Defendant questions whether it is even possible for Plaintiff to prevail in this case without expert testimony. Unfortunately, however, Plaintiff has not identified or disclosed an expert whose opinion should be admitted into evidence.

[4] If and to the extent that the Court is disinclined to preclude Dr. Gaber from testifying altogether, Defendant would request that the Court compel Plaintiff to call Dr. Gaber to testify live at trial before the Court on October 1 or 2, 2019. Based on the narrowness of Dr. Gaber's disclosed opinion (that the accident cause Plaintiff to suffer back pain) and the complete resolution of Plaintiff's symptoms (according to the Discharge Visit Report), in contrast to Dr. Gaber's sweeping statement that Plaintiff continues to regularly suffer back pain as well as right shoulder and arm pain, despite not having attributed any shoulder and arm pain to the accident, Defendant is concerned that, if Dr. Gaber is permitted to testify without the availability of the Court to rule on its objections to the anticipated breadth of Dr. Gaber's testimony, such testimony likely will exceed the limits of the opinions he expressed in his letter report.

Respectfully submitted,

ROBERT K. HUR
United States Attorney


_____/s/_____
VINCENT J. VACCARELLA (Bar No. 809127)
Assistant United States Attorney
vincent.vaccarella@usdoj.gov


_____/s/_____
KELLY M. MARZULLO (Bar No. 28036)
Assistant United States Attorney
kelly.marzullo@usdoj.gov

36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
(410) 962-2310 (fax)