

**DUSTIN FURMAN**  
dfurman@gblegalteam.com

1954 Greenspring Drive, Suite250  
Timonium, Maryland 21093  
(410) 560-4999 Phone  
(410) 308-3116 Fax

September 18, 2019

**<u>Via Electronic Mail</u>**  
The Honorable Beth P. Gesner  
United States Magistrate Judge  
United State District Court for the District of Maryland  
U.S. Courthouse  
101 West Lombard Street  
Baltimore, Maryland 21201

  Re: *Kim Lewis v. United States Department of Agriculture*  
     United States District Court for the District of Maryland  
     Case No.: BPG-18-1610

Dear Judge Gesner:

  Plaintiff is in receipt of Defendant's letter to this Honorable Court this morning regarding the above-referenced matter and feels obligated to write to address the deficiencies in Defendant's portrayal of this issue to the Court. Plaintiff filed her Response in Opposition to the Defendant's Motion *in Limine* to Preclude Jeffrey Gaber, M.D. from Testifying at Trial this morning, as Plaintiff understood the Scheduling Order to allow seven days for a response. Being that Defendant's correspondence was not filed until after business hours on September 10th, today marked the seven day and therefore the deadline.

  As stated above, there are numerous misclassifications in Defendant's correspondence to this court. First, Defendant fails to mention that it waited until approximately 6:36 p.m., well after the end of business hours, on the date of the Motions *in Limine* deadline to file its Motion, thereby doing its best to ensure that Plaintiff's counsel would not receive the Motion until the next day and therefore have one less day to draft an opposition. Next, Defendant's counsel became aware, at the latest, on September 11th that Plaintiff's counsel was out of the office on vacation and not readily available. (See attached email correspondence). Thereafter, on September 13th, Defendant proceeded to file correspondence with this Court regarding objections Plaintiff's Exhibit List, but failed to ensure that undersigned received a copy of the same. Further, Defendant, by its instant letter, is attempting to mislead this Honorable Court, to believing that Plaintiff's deadline for filing

The Honorable Beth Gesner
September 18, 2019

its opposition has long passed, when in fact it has been, at most, mere hours[1]. Taken as a whole, this conduct is highly demonstrative of Defendant's insincere approach to this Motions practice.

      As the Defendant correctly points out in its correspondence, Plaintiff has agreed to cancel the *de benne esse* deposition of Dr. Gaber such that there is no immediate need for a ruling on this Motion. Therefore, by accepting Plaintiff's opposition mere hours after the purported response deadline, there will be *de minimis* prejudice to this Court in accepting this Opposition, if any. To the contrary, Plaintiff vehemently opposes Defendant's motion as, should it be granted, it is potentially fatal to Plaintiff's case. In sum, while Plaintiff would suffer extreme prejudice in the event her position is not considered, this Court and Defendant would suffer little, if any.

      Plaintiff looks forward to this Honorable Court's ruling on the motion after considering Plaintiff's timely filed Opposition. Thank you for your attention to this matter.

      Respectfully submitted,

*/s/ Dustin Furman*
Dustin Furman
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
*Attorney for Plaintiff*

---

[1] Plaintiff however disagrees with Defendant's calculation of the opposition deadline and contends that its opposition was timely filed.